IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| FRANKIE FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE F.L.S. |
| VS. ) | 12cv 7352-1 |
| ) | NO. ~~2012MG MC 2349~~ |
| DEKALB BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## ACKNOWLEDGMENT OF SERVICE

Due and legal service of Summons, Verified Complaint, Motion and Brief for Interlocutory Injunction and Proposed Order Granting Interlocutory Injunction are hereby acknowledged and service copy received by me Ronald Ramsey F.L.S.
This 17th day of June ~~April~~, 2012.

_____
Ronald Ramsey, Esq
1701 Mountain Industrial Boulevard
Stone Mountain, GA 30083

Executed before me
this _____ day
of June, 2012.

_____
Notary Public

DEFENDANT'S EXHIBIT A

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Civil Action # 12CV7352-1

FRANKIE FREEMAN
_____
_____
Plaintiff

VS

DeKalb Board of Education
_____
_____
Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: PATRICK W. MCKEE, 19 Spring St., Newnan, GA 30263

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judge's order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 14 day of June, 2012.

Debra DeBerry
Clerk of Superior Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used

COPY

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILED

2012 JUL 10 P 12: 33

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

| | | |
|---|---|---|
| FRANKIE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEKALB COUNTY BOARD | ) | CIVIL ACTION FILE |
| OF EDUCATION, | ) | NO. _____ |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

COMES NOW Frankie Freeman ("Freeman"), Plaintiff herein, and submits this her Complaint, and shows this Honorable Court as follows:

### JURISDICTION AND VENUE

1.

Defendant DeKalb County Board of Education ("DeKalb") is a "Public Employer" subject to The Georgia Whistleblower Act, O.C.G.A. § 45-1-4, *et seq.*, pursuant to O.C.G.A. § 45-1-4 (a) (4), in that it is a local or regional governmental entity that receives funds from the State of Georgia. DeKalb has its principal office in DeKalb County, Georgia, at 1701 Mountain Industrial Boulevard, Stone Mountain, GA 30083, and may be served by service on the Superintendent of Schools at the principal office. DeKalb is subject to the jurisdiction and venue of this Honorable Court.

1

FACTS

2.

Freeman has been employed by DeKalb for over 22 years. Freeman started her employment with DeKalb as a school bus driver and then became an aide at Shadow Rock Center. Freeman later took a position as Secretary I at Towers High School. Freeman was promoted to Secretary II in Accounts Payable in the Finance Department in 1997. Freeman was promoted to Secretary III in Budget and Auditing and then became the Secretary to the Chief Financial Officer, Rick Cost, in July 2002. Freeman began working for Marcus Turk ("Turk"), in approximately 2006 when Turk became CFO. Turk was Freeman's direct supervisor from this time until her demotion on January 6, 2012.

3.

Sometime in 2011 Turk came under investigation for financial wrongdoing as part of the investigations of Lewis and Pope, and more recently, of Dr. Berry. Freeman cooperated in these investigations, providing evidence in the form of sworn written testimony and documents.

4.

Freeman insisted on providing the investigators with the DeKalb Title I audit, which, on information and belief, implicated Turk in financial wrongdoing for which he was disciplined. Shortly after the conclusion of the investigations, Turk recommended that Freeman be terminated, notwithstanding her spotless career with DeKalb for over 22 years.

5.

Freeman provided DeKalb with a sworn affidavit on January 3, 2012, that showed the reasons for her proposed termination are pretextual and are in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was

2

disciplined. Freeman brought additional violations of the law by Turk to the attention of DeKalb by informing it of violations of the record keeping requirements of the Fair Labor Standards Act. Notwithstanding her providing this information to DeKalb, Freeman was demoted on January 6, 2012, and her salary was reduced from $70,888.00 to $34,485.60 annually.

6.

On February 23, 2012, through her legal counsel, Freeman informed DeKalb that her demotion was in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was disciplined. Later, on April 13, 2012, through her counsel, Freeman informed DeKalb that she had become aware of further evidence of retaliation by DeKalb against her. According to DeKalb's own calculations, it owes Freeman $11,525.50 in earned but unused vacation pay from her previous position. DeKalb had refused to pay her for over three months. In addition to withholding her vacation pay DeKalb refused to release her personal items that were removed from her office upon her demotion. In response to her second complaint of retaliation DeKalb again retaliated against Freeman further, refusing to pay her what she is owed and demanding her resignation.

7.

Freeman reasonably feels that DeKalb will take further actions against her in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was disciplined, including and up to dismissal. These actions by DeKalb have and will subject Freeman to irreparable injury for which she has no adequate remedy at law.

## COUNT I

## VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT

8.

Freeman realleges those allegations made in paragraphs 1-7 herein.

9.

Freeman disclosed a violation of or noncompliance with a law, rule, or regulation to either a supervisor or governmental agency and was retaliated against in response. Freeman was harmed by the retaliation, suffering monetary and compensatory damages and irreparable damages for which no adequate remedy at law lies. Freeman has incurred and will incur attorney's fees to protect her rights.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

10.

Freeman realleges those allegations made in paragraphs 1-7 herein.

11.

Freeman disclosed a violation of or noncompliance with the record keeping requirements of the Fair Labor Standards Act and was retaliated against in response thereto in violation of 29 USC § 215 (a) (3). The retaliation was willful in accordance with the Fair Labor Standards Act, and Freeman was damaged thereby. Freeman has incurred and will incur attorney's fees to protect her rights.

## COUNT III

## VIOLATION OF THE STATUTORY WAGE LAW

12.

Freeman realleges those allegations made in paragraphs 1-7 herein.

13.

DeKalb has failed to pay the full net amount of wages or earnings due Freeman, including pay for earned but unused vacation pay from her previous position, in violation of O.C.G.A. § 34-7-2. Freeman was damaged thereby. Freeman has incurred and will incur attorney's fees to protect her rights.

## COUNT IV

## BREACH OF CONTRACT

14.

Freeman realleges those allegations made in paragraphs 1-7 herein.

15.

Freeman has an enforceable contract for the payment of wages or earnings, including pay for earned but unused vacation pay from her previous position. DeKalb has breached this contract and Freeman has been damaged thereby. Freeman has incurred and will incur attorney's fees to protect her rights.

## COUNT V

## ATTORNEY'S FEES

16.

Freeman realleges those allegations made in paragraphs 1-7 herein.

5

17.

DeKalb has been stubbornly litigious and have caused Freeman unnecessary trouble and expense, and as a result thereof, he is entitled to recover expenses of litigation, including reasonable attorneys' fees.

WHEREFORE, Plaintiff prays that the Court:

A. Temporarily, preliminarily, and permanently enjoin DeKalb from engaging in further retaliation against her, including but not limited to enjoining DeKalb from dismissing Freeman,

B. Reinstate Freeman to the position and pay she had prior to the retaliation,

C. Grant Freeman compensatory and other damages against Defendant for breach of contract and for violation of the law,

E. Reimburse Freeman for all costs of this action, including attorney's fees, and

F. Grant such further relief as is just.

Respectfully submitted this 13th day of June, 2012.

MCKEE & MITCHELL, LLC
Attorneys at Law

_____
Patrick W. McKee
Counsel for Plaintiff
GA Bar No. 494325

19 Spring Street
Newnan, GA 30263
770-683-8900 (phone)
770-683-8905 (fax)
pwmckee@mckeelaw.com

## VERIFICATION

STATE OF GEORGIA

COUNTY OF DEKALB

Personally appeared before me the undersigned, who on oath states that that facts set forth in the foregoing Complaint are true and correct to the best of her knowledge and belief.

*Frankie Freeman*

Frankie Freeman

Sworn to and subscribed before me this

13th day of June, 2012.

*Sharon Tyler*

Notary Public

SHARON TYLER
Notary Public
STATE OF GEORGIA
My Commission Exp. 5/04/13

7

COPY

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILED
2012 JUN 14 P 12: 34

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

| | | |
|---|---|---|
| FRANKIE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEKALB COUNTY BOARD | ) | CIVIL ACTION FILE |
| OF EDUCATION, | ) | NO. _____ |
| | ) | |
| Defendant. | ) | |

**MOTION AND BRIEF FOR INTERLOCUTORY INJUNCTION**

COMES NOW Frankie Freeman ("Freeman"), Plaintiff herein, and submits this her Motion and Brief for Interlocutory Injunction pursuant to O.C.G.A. §9-11-65, and shows this Honorable Court as follows:

1.

Freeman has been employed by DeKalb for over 22 years. Freeman started her employment with DeKalb as a school bus driver and then became an aide at Shadow Rock Center. Freeman later took a position as Secretary I at Towers High School. Freeman was promoted to Secretary II in Accounts Payable in the Finance Department in 1997. Freeman was promoted to Secretary III in Budget and Auditing and then became the Secretary to the Chief Financial Officer, Rick Cost, in July 2002. Freeman began working for Marcus Turk ("Turk"), in approximately 2006 when Turk became CFO. Turk was Freeman's direct supervisor from this time until her demotion on January 6, 2012.

1

2.

Sometime in 2011 Turk came under investigation for financial wrongdoing as part of the investigations of Lewis and Pope, and more recently, of Dr. Berry. Freeman cooperated in these investigations, providing evidence in the form of sworn written testimony and documents.

3.

Freeman insisted on providing the investigators with the DeKalb Title I audit, which, on information and belief, implicated Turk in financial wrongdoing for which he was disciplined. Shortly after the conclusion of the investigations, Turk recommended that Freeman be terminated, notwithstanding her spotless career with DeKalb for over 22 years.

4.

Freeman provided DeKalb with a sworn affidavit on January 3, 2012, that showed the reasons for her proposed termination are pretextual and are in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was disciplined. Freeman brought additional violations of the law by Turk to the attention of DeKalb by informing it of violations of the record keeping requirements of the Fair Labor Standards Act. Notwithstanding her providing this information to DeKalb, Freeman was demoted on January 6, 2012, and her salary was reduced from $70,888.00 to $34,485.60 annually.

5.

On February 23, 2012, through her legal counsel, Freeman informed DeKalb that her demotion was in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was disciplined. Later, on April 13, 2012, through her counsel, Freeman informed DeKalb that she had become aware of further evidence of retaliation by DeKalb against her. According to DeKalb's own calculations, it owes Freeman $11,525.50 in

earned but unused vacation pay from her previous position. DeKalb had refused to pay her for over three months. In addition to withholding her vacation pay DeKalb refused to release her personal items that were removed from her office upon her demotion. In response to her second complaint of retaliation DeKalb again retaliated against Freeman further, refusing to pay her what she is owed and demanding her resignation.

6.

Freeman reasonably feels that DeKalb will take further actions against her in retaliation for her providing information against her supervisor that implicated him in wrongdoing for which he was disciplined, including and up to dismissal. These actions by DeKalb have and will subject Freeman to irreparable injury for which she has no adequate remedy at law.

7.

Freeman faces irreparable injury if she is terminated or other adverse employment action is taken against her. The danger to Freeman in losing her job is great while the inconvenience is slight to DeKalb in enjoining it from taking adverse employment action against her until final adjudication of the matter can be held.

8.

Notice has been delivered to counsel for the Defendant prior to filing the Verified Complaint and this Motion and Brief.

9.

According to Georgia law, "[e]quity, by a writ of injunction, may restrain . . . a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law." O.C.G.A. §9-5-1. "[T]he sole purpose for granting interlocutory injunctions is to preserve the

3

status quo of the parties pending the final adjudication of the case." *MARTA v. Wallace*, 243 Ga. 491, 494 (1979). According to the Supreme Court:

> [A]n interlocutory hearing is designed to balance the conveniences of the parties pending a final outcome of the case. Stated another way, it has been held that the real consideration should be as to whether the greater harm would result by the granting or the refusal of the interlocutory relief. In other words, if the danger to one party is great, while the probable harm to the other is minimal, then relief ought to be granted or refused in line with such probabilities.

243 Ga., at 494-405.

10.

In accordance with this standard an Interlocutory Injunction should be issued to enjoin DeKalb from taking adverse employment action against Freeman until a final adjudication of the matter can be held.

Respectfully submitted this 13th day of June, 2012.

MCKEE & MITCHELL, LLC
Attorneys at Law

Patrick W. McKee
Counsel for Petitioner
GA Bar No. 494325

19 Spring Street
Newnan, GA 30263
770-683-8900 (phone)
770-683-8905 (fax)
pwmckee@mckeelaw.com

4



IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| FRANKIE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEKALB COUNTY BOARD | ) | CIVIL ACTION FILE |
| OF EDUCATION, | ) | NO. _____ |
| | ) | |
| Defendant. | ) | |

**INTERLOCUTORY INJUNCTION**

THIS MATTER comes before this Court on the Verified Petition of Frankie Freeman ("Freeman"), and Freeman's Motion and Brief for an Interlocutory Injunction. After hearing,

THE COURT FINDS AS FOLLOWS:

1.

Counsel for Freeman notified Counsel for Defendant in advance of filing the Verified Complaint and Motion and informed Counsel for Defendant that he would seek an Interlocutory Injunction before this Court.

2.

Freeman faces irreparable injury if she is terminated or other adverse employment action is taken against her. The danger to Freeman in losing her job is great while the inconvenience is slight to DeKalb in enjoining it from taking adverse employment action against her until final adjudication of the matter can be held.

3.

According to Georgia law, "[e]quity, by a writ of injunction, may restrain . . . a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law." O.C.G.A. §9-5-1. "[T]he sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending the final adjudication of the case." *MARTA v. Wallace*, 243 Ga. 491, 494 (1979). According to the Supreme Court:

> [A]n interlocutory hearing is designed to balance the conveniences of the parties pending a final outcome of the case. Stated another way, it has been held that the real consideration should be as to whether the greater harm would result by the granting or the refusal of the interlocutory relief. In other words, if the danger to one party is great, while the probable harm to the other is minimal, then relief ought to be granted or refused in line with such probabilities.

243 Ga., at 494-405.

4.

In accordance with this standard Freeman is entitled to an Interlocutory Injunction to enjoin DeKalb from terminating her or otherwise taking adverse employment action against her until a final adjudication of the matter can be held.

IT IS THEREFORE HEREBY ORDERED AND ADJUDGED:

Defendant DeKalb County Board of Education, its officers, agents, employees, attorneys, and anyone else acting on its behalf are ENJOINED from taking any adverse employment action against Frankie Freeman up to and including termination, until a final adjudication can be held in this matter; and,

2

This Order shall remain in effect until a final adjudication can be held in this matter or until further Order of this Court.

SO ORDERED this ____ day of _____, 2012.

_____
Honorable _____
Superior Court of DeKalb County

Order prepared and submitted by:

Patrick W. McKee
MCKEE & MITCHELL, LLC
Counsel for Plaintiff
GA Bar No. 494325

19 Spring Street
Newnan, GA 30263
770-683-8900 (phone)
770-683-8905 (fax)
pwmckee@mckeelaw.com