IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANKIE FREEMAN,** | |
| **Plaintiff,** | |
| v. | 1:12-cv-2496-WSD |
| **DEKALB COUNTY SCHOOL DISTRICT,** | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand [10]. Also before the Court are Plaintiff's Motion for Interlocutory Injunction [2] and Defendant, DeKalb County Board of Education's Motion to Dismiss Plaintiff's Complaint [5].

**I.  BACKGROUND**

On June 14, 2012, Plaintiff Frankie Freeman ("Plaintiff") filed this action in the Superior Court of DeKalb County, Georgia ("State Court"). In her original Complaint, Plaintiff alleged that she was improperly demoted and denied wages and benefits in her employment with the DeKalb County school system. She asserted numerous state law causes of action and one federal cause of action, under the Fair Labor Standards Act ("FLSA"), against the DeKalb County Board of

Education ("Board").  Along with her original Complaint, Plaintiff filed her Motion for Interlocutory Injunction seeking the State Court equivalent of a preliminary injunction enjoining the Board from taking further adverse employment actions against her.

On July 18, 2012, the Board filed its Motion to Dismiss seeking dismissal of Plaintiff's claims on the grounds that service of process was improper and that the Complaint failed to state a claim.  The Board argued specifically that the proper legal entity that could be liable to Plaintiff is not the Board but the DeKalb County School District ("District").  Also on July 18, 2012, the Board removed the action to this Court on the basis of federal question jurisdiction conferred by the FLSA claim.

On July 25, 2012, Plaintiff filed her Amended Complaint.  The Amended Complaint is similar to the original Complaint, except that it names the District, rather than the Board, as the Defendant and does not assert the FLSA claim.  The Amended Complaint asserts only state law causes of action.  On September 25, 2012, the District appeared and filed its Answer to the Amended Complaint.

On July 27, 2012, Plaintiff filed her Motion to Remand seeking remand of the case to the State Court on the ground that, in light of the Amended Complaint, the case involves only state law claims and same-state citizens.  On August 10, the

Board (not the District) filed its opposition to the Motion to Remand on the ground that the Court should exercise its discretion to retain supplemental jurisdiction over the case.

## II. DISCUSSION

The Court begins by examining whether it has subject matter jurisdiction in this matter. In her Motion to Remand, Plaintiff suggests that the Court lacks jurisdiction because the Amended Complaint, unlike the original Complaint, does not assert a federal claim. The Court disagrees. In an action removed from a state court, the federal court's subject matter jurisdiction is determined as of the date of the removal, without regard to subsequent amendments to the pleadings. See Poore v. Am.-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290–91 (11th Cir. 2000) (holding that, where subject matter jurisdiction existed at the time of removal, a federal court is not divested of jurisdiction by the filing of an amended complaint that would not itself confer jurisdiction), overruled in part on other grounds as stated in Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007); see also Smith v. Wynfield Dev. Co., 238 F. App'x 451, 455 (11th Cir. 2007) (applying Poore in a case removed on the basis of federal question jurisdiction and analyzing jurisdiction under the original complaint). Plaintiff's original Complaint asserted a claim under FLSA, which confers original, federal question jurisdiction

3

on this Court.  See 28 U.S.C. § 1331 (2006).  Because the Court has original jurisdiction based on the FLSA claim, it has supplemental jurisdiction over Plaintiff's state law claims.  See id. § 1367(a).  The Court's jurisdiction was not divested by the filing of the Amended Complaint, see Poore, 218 F.3d at 1290–91, and the Court retains supplemental jurisdiction over Plaintiff's pending state law claims, see, e.g., Borges v. Bank of Am., NA, No. 2012 WL 4328374, at *7 (N.D. Ga. May 1, 2012).

The issue to be decided here is whether the Court should exercise its supplemental jurisdiction over the remaining state law claims.  A district court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making its determination, the district court should consider the factors articulated by the Supreme Court in United Mines Workers of America v. Gibbs, 383 U.S. 715 (1966): judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.

Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994) (citing Gibbs, 383 U.S. at 725–26).

The Court finds that it has discretion to decline to exercise jurisdiction over this case because the remaining state law claims "substantially predominate" over the now-abandoned FLSA claim.  See 28 U.S.C. § 1367(c)(2); see also Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006) (explaining that a "federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case" (internal quotation omitted)); Samuels v. Joyner, No. 06-0564-WS-M, 2007 WL 505058, at *1 (S.D. Ala. Feb. 13, 2007) (finding that numerous state law claims "substantially predominated" over a single federal claim asserted against only some defendants).

In considering the relevant Gibbs factors, the Court finds that judicial economy favors the resolution in state court of state law disputes between in-state defendants.  Cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243–44 (11th Cir. 2007) (holding that, in non-removed cases, the district court must dismiss a federal question case if the plaintiff later drops its federal claims).  The Court further finds that remand will not inconvenience or be unfair to the District because the litigation is at an early stage and the District's only activity has been to file its Answer.  Cf. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)

("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)).  The Court concludes that it should not exercise supplemental jurisdiction and that remand should be granted.[1]

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [10] is **GRANTED**.  This action is **REMANDED** to Superior Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Interlocutory Injunction [2] and Defendant, DeKalb County Board of Education's Motion to Dismiss Plaintiff's Complaint [5] are **DENIED AS MOOT**.

**SO ORDERED** this 1st day of October, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court remands the action to the State Court, the Court does not reach the remaining pending motions, and they are denied as moot.